IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33524-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH FITZGERALD MANDOLI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

SIDDOWAY, J. — Joseph Mandoli and a confederate stole two loads of copper

from Alcoa, Inc. Mr. Mandoli pleaded guilty in Chelan County to second degree

possession of stolen property. After a contested restitution hearing in May 2015, the trial

court set the amount of restitution at $17,945. On appeal, Mr. Mandoli contends the trial

court abused its discretion in determining the amount of copper he stole. We conclude

that the trial court properly exercised its discretion in choosing a reasonable basis for

estimating the amount of loss, but remand for correction of a calculation error.

FACTS

Between May 30, 2013, and October 14, 2013, Mr. Mandoli and Andrew

Frederick, both Alcoa employees, stole two pickup truck loads of copper tabs and shunts

from an Alcoa plant. Police arrested them as they were stealing a third load. The State

charged Mr. Mandoli with three counts of first degree theft and two counts of first degree trafficking in stolen property. After plea negotiations, Mr. Mandoli agreed to plead guilty to one count of second degree possession of stolen property that exceeded a value of $750.

At the restitution hearing, Mr. Frederick testified that he sold all 3,023 pounds of one load of the copper for $2.28 per pound (a total of $6,892.00) and Mr. Mandoli sold 810 pounds of the other load. Mr. Frederick did not know if Mr. Mandoli sold all of his load. Mr. Frederick estimated that the first two loads weighed about the same, but he thought the third load, which he and Mr. Mandoli were caught with, was about 30 to 40 percent heavier. This third load weighed 3,895 pounds. An Alcoa employee estimated that the value of the copper tabs would be about $3.11 per pound at auction. The shunts, which were worn but could be resurfaced for continued use, typically cost about $6.88 per pound when new.

The trial court accepted Mr. Frederick's estimate that the first two loads weighed 30 to 40 percent less than the third load. Splitting the difference, the court concluded that each of the first two loads was 35 percent less than the third load, for a total of approximately 2,885 pounds per load. Doubled, the two loads were estimated to weigh 5,770.00 pounds. The court then multiplied the total weight by the auction market value of $3.11 per pound, for a total restitution amount of $17,945.00.

ANALYSIS

Mr. Mandoli does not assign error to the trial court's valuation of the copper at $3.11 per pound. What he challenges is the weight of the stolen loads. He contends the evidence shows that only one load of 3,023 pounds and one load of 810 pounds (a total of 3,833 pounds) were stolen and sold.

By Washington statute, a court must order restitution whenever a defendant is convicted of an offense that causes loss of property. RCW 9.94A.753(5); *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The amount of restitution must be based on easily ascertainable damages, but need not be established with specific accuracy. *Griffith*, 164 Wn.2d at 965. In a contested restitution hearing, the claimed loss must be supported by substantial credible evidence. *Id.* This evidence is sufficient if it provides a reasonable basis for estimating the loss and does not constitute mere speculation. *Id.* We review the trial court's restitution award for abuse of discretion. *Id.* The court may, in its discretion, order up to double the amount of the victim's loss. RCW 9.94A.753(3); *Griffith*, 164 Wn.2d at 966.

Mr. Mandoli pleaded guilty to possessing two loads of stolen copper. Alcoa claimed losses of $24,258.00, based on two loads of approximately 3,900 pounds each times $3.11 per pound. Mr. Mandoli contends the sales receipts reasonably support the conclusion that he and Mr. Frederick possessed only 3,833 pounds of copper in total. But

3

the State also produced credible evidence from Mr. Frederick that each load weighed either 3,023 pounds or 30 to 40 percent less than the 3,895-pound third load. The trial court accepted Mr. Frederick's testimony as credible that the first two loads were somewhat smaller than the third load. Thus, the trial court had a reasonable basis for estimating that the first two loads were 35 percent smaller than the third load.

The trial court's calculations do not, however, support restitution for $17,945.00. Although neither party mentions it, the trial court's conclusion that 2,885 pounds represents 35 percent less than the third load is erroneous. Thirty-five percent less than 3,895 pounds is actually 2,532 pounds.[1] That amount doubled—for the two loads—is 5,064 pounds. Multiplied by the agreed price of $3.11 per pound, the total restitution that should have been imposed based on the trial court's method of calculation is $15,749.00.

## CONCLUSION

On this record, we hold that the trial court did not abuse its discretion in imposing restitution based on a calculation that the first two loads were each 35 percent smaller than the third load, and multiplied by a value of $3.11 per pound. We remand, however, for correction of the calculation error consistent with this opinion.

Affirmed in part and remanded.

---

[1] 3,895 x 65 percent equals 2,532, rounded.

No. 33524-1-III
*State v. Mandoli*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

5